IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARVIN CABBAGESTALK, | ) | |
|---|---|---|
| | ) | Civil Action No. 2:14-cv-0329 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| BOARD OF PROBATION AND PAROLE and THE PENNSYLVANIA STATE ATTORNEY GENERAL, | ) ) ) ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner, Marvin Cabbagestalk ("Cabbagestalk"), a state prisoner incarcerated at the State Correctional Institution - Benner Township, in Bellefonte, Pennsylvania, has petitioned for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in connection with the recalculation of his maximum sentence date by the Pennsylvania Board of Parole and Probation (the "Board"). Cabbagestalk does not challenge the revocation of his parole, but rather the Board's authority to recalculate his parole maximum date and the calculation of that date. The Board argues that the Petition should be dismissed because Cabbagestalk has failed to exhaust state-court remedies and because it has no merit in any event. For the reasons discussed below, the Court will deny the Petition because Cabbagestalk has procedurally defaulted on his claims.[1]

### **Relevant Factual and Procedural History**

On November 19, 1998, Cabbagestalk was sentenced in the Court of Common Pleas of Allegheny County to a term of four to eight years after being convicted of Robbery. This

---

[1] All parties have consented to jurisdiction by the undersigned Magistrate Judge. See 28 U.S.C. § 636 et seq.; Consent to Trial / Jurisdiction by United States Magistrate Judge. (ECF Nos. 10 and 11.)

sentence is being served at Department of Corrections' inmate number DU-6337. The original minimum and maximum dates for this sentence were October 3, 2001 and October 3, 2005, respectively. (ECF No. 12-1, Exh. 1.)

On October 28, 2002, Cabbagestalk was granted parole. On November 2, 2003, Pittsburgh Police arrested Cabbagestalk for new criminal charges for an incident involving firearms. (*Id*. at Exh. 2.) On that same day, the Board lodged a detainer against Cabbagestalk for parole violations based on the new criminal charges. (*Id.* at Exh. 5.) Cabbagestalk was returned to State Correctional Institution ("SCI") Pittsburgh on November 10, 2003. (*Id*. at Exh. 3.) Based on the November 2, 2003 incident, Cabbagestalk was charged with multiple firearms and driving offenses in the Court of Common Pleas of Allegheny County at CP# 17674-2003. (*Id*. at Exh. 4.)

On April 20, 2004, a federal grand jury sitting in the United States District Court for the Western District of Pennsylvania returned a one-count Indictment against Cabbagestalk charging him with Possession of A Firearm By A Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (*Id.* at Exh. 6.)

On June 30, 2004, Cabbagestalk was transferred by writ from SCI-Pittsburgh to federal custody. He appeared in federal court and was ordered detained on the new federal charges. He did not post bail. On that same day, he was returned to SCI-Pittsburgh. (*Id.* at Exh. 3.)

On August 3, 2004, the criminal charges filed in the Court of Common Pleas of Allegheny County at CP# 17674-2003 were withdrawn. (*Id*. at Exh. 4.)

Cabbagestalk was transferred from SCI-Pittsburgh to federal custody by writ on September 29, 2004. On that day, he pled guilty in federal court to Possession of a Firearm by a Convicted Felon. He was returned to SCI-Pittsburgh on September 29, 2004. (*Id*. at Exh. 3.)

On November 15, 2004, the Board conducted a revocation hearing on Cabbagestalk's new federal conviction. (*Id*. at Exh. 7.)

On January 19, 2005, by writ Cabbagestalk was transferred from SCI-Greene, where he had been incarcerated since January 18, 2005, to the Allegheny County Jail. (*Id*. at Exh. 3.) The following week, on January 26, 2005, Cabbagestalk was sentenced in federal court for Possession of a Firearm by a Convicted Felon to a term of imprisonment of 120 months in the custody of the U.S. Bureau of Prisons followed by a three-year term of supervised release. (*Id*. at Exh. 8.) He was returned to SCI-Greene on January 27, 2005. (*Id*. at Exh. 3.)

By decision mailed February 24, 2005 (recorded 2/17/2005), the Board recommitted Cabbagestalk as a convicted parole violator, when available, for the offense of Possession of a Firearm by a Convicted Felon. (*Id*. at Exh. 9.) The revocation decision did not recalculate the maximum sentence for Cabbagestalk's sentence at his DU-6337 sentence because he was required to serve his new federal prison sentence before he could commence service of his original sentence. (*Id*. at Attachment A.)

On October 3, 2005, the Board released Cabbagestalk due to the expiration of his original maximum sentence date. (*Id*. at Exh. 3.) He began serving his federal sentence on that date. Cabbagestalk received prior jail credit on his federal sentence from November 2, 2003, to October 2, 2005. (*Id.* at Exh. 10.)

On November 4, 2005, while Cabbagestalk was in federal custody, the Board re-lodged a detainer. (*Id.* at Exh. 11.) Cabbagestalk completed his federal sentence on August 13, 2013. (*Id*. at Exh. 10.) As a result of the Board's detainer, he was returned to SCI-Pittsburgh on August 25, 2013. He was transferred and arrived at SCI-Benner Township on February 25, 2014. (*Id*. at Exh. 3.)

3

The Board mailed Cabbagestalk its decision recalculating his parole violation maximum date on his original sentence at inmate number DU-6337. His maximum date for this sentence was revised from October 3, 2005, to November 21, 2015, based on his recommitment as a convicted parole violator. (*Id.* at Exh. 12.) The November 21, 2015 parole violation maximum date calculation reflects Cabbagestalk's forfeiture of credit for the period of time he was at liberty on parole from his initial sentence at inmate number DU-6337 from October 28, 2002 to November 1, 2003. (*Id*. at Exh. 13.) Cabbagestalk did not receive any credit on his DU-6337 sentence during the time he was incarcerated from July 1, 2004, to August 12, 2012. However, Cabbagestalk was credited on his DU-6337 sentence for the period he was incarcerated from November 2, 2003 to June 30, 2004. The November 21, 2015 maximum date calculation reflects that Cabbagestalk became available to commence service of his original sentence, DU-6337, on August 13, 2013. (*Id.* at Exh. 13.)

The Board mailed Cabbagestalk notice of his new November 21, 2015, maximum date on September 6, 2012. Language in that notice advised Cabbagestalk of his appeal rights:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(*Id*. at Exh. 12.) Cabbagestalk did not file a request for administrative relief within thirty (30) days of the recalculation decision and did not appeal the recalculation decision to any Pennsylvania court. (*Id.* at Attachment A.) Cabbagestalk is currently still incarcerated on his four to eight year sentence. (*Id*.)

Petitioner commenced the present action on March 14, 2014, pursuant to 28 U.S.C. § 2254 by filing a petition for writ of habeas corpus. He challenges the Board's recalculation of his maximum sentence date of November 21, 2015. Specifically, he contends that the Board's recalculation (i) is a violation of the due process clause, (ii) the prohibition against cruel and unusual punishment, (iii) the separation of powers doctrine, and (iv) the double jeopardy clause. He seeks an order from this Court ordering the Board to immediately grant him parole and release him from custody. (ECF No 3.)

### Standard of Review

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a state prisoner to challenge the "fact or duration" of his confinement. *Learner v. Fauver*, 288 F.3d 532 (3d Cir. 2002).

### Discussion

The provisions of the federal habeas statute require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004). A petitioner shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. *See* 28 U.S.C. 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelcher*, 429 F.3d 58, 62 (3d Cir. 2005). This exhaustion requirement is applicable to allege

unconstitutional acts of the parole board. *See DeFoy, v. McCullough*, 393 F.3d 439 (3d Cir. 2005).

In the case of a Pennsylvania parole violator, such as Cabbagestalk, the petitioner must first challenge the Board's decision by filing a petition for administrative review with the Board within thirty days of the mailing date of the Board's determination. *See* 37 Pa. Code § 73.1(b)(1); *Kester v. Pennsylvania Bd. of Prob. and Parole*, 609 A.2d 622, 626 (Pa. Commw. 1992) (citing *Bronson v. Pennsylvania Bd. of Prob. and Parole*, 421 A.2d 1021, 1024-25 (Pa. 1980)). The administrative appeal must be followed by an appeal to the Pennsylvania Commonwealth Court. See 42 Pa. Cons. Stat. § 763(a) (jurisdiction of Commonwealth Court over appeals from final orders of government agencies); *Borsello v. Colleran,* 833 A.2d 1213, 1215 (Pa. Commwlth. 2003) ("Appeals of the Board's parole revocation and recommitment orders are within the exclusive appellate jurisdiction of the Commonwealth Court.") The third and final step petitioner must file is a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. *See* 42 Pa. Cons. Stat. § 724; *Williams v. Wynder*, 232 F. App'x 177, 178 (3d Cir. 2007). If the petitioner fails to seek review from the Pennsylvania Supreme Court, then petitioner has not fully complied with the State's exhaustion requirements for the purpose of 28 U.S.C. § 2254. *Williams*, 232 F. App'x at 181.

Here, the Court agrees with Respondents that Cabbagestalk never challenged the Board's calculation of his parole violation maximum date before the Board, the Commonwealth Court, or the Pennsylvania Supreme Court. Accordingly, the Court finds that Cabbagestalk failed to exhaust all of his available state remedies and because any such state challenge would be procedurally barred, his claims are procedurally defaulted for purposes of federal habeas. *See Coleman v. Thompson*, 50 1 U.S. 722, 735 n. 1 (1991); *Collins v. Secretary of Pennsylvania*

*Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) ("A claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedurals prohibit the petitioner from later presenting the claim in state court.").

A federal court cannot consider claims in a Section 2254 petition which have been procedurally defaulted unless the petitioner demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *Jones v. Pennsylvania Bd. of Probation and Parole*, 492 F. App'x 242, 244 (3d Cir. 2012). To demonstrate "cause" for a procedural default, petitioner must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if the petitioner can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 446, 451 (2000). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In his Petition, Cabbagestalk relies on the holding in *Barnes v. Wenerowicz*, 280 F.R.D. 206 (E.D. Pa. 2012), to suggest that he does not need to exhaust his claims. Cabbagestalk's reliance on this case to suggest that he need not exhaust his state court remedies prior to filing a habeas states petition challenging the Board's calculation of his maximum release date following a parole violation is misplaced. The petitioner in *Barnes* was challenging the denial of reparole. Here, Cabbagestalk is not challenging the denial of parole, rather he is challenging the Board's authority and recalculation of his maximum sentence date based on his revocation of parole.

7

Moreover, the Board notified Cabbagestalk of his appeal rights in its September 6, 2013, decision establishing his new parole violation maximum date.

Based on the record evidence, it is clear that the claims Cabbagestalk seeks to pursue are procedurally defaulted without excuse as he was aware of, but did not perfect, his appeal of the Board's decision. Likewise, there is no indication in his Petition that a failure to review his claim will result in a fundamental miscarriage of justice. As such, the Court agrees with Respondents that the pending habeas petition is subject to dismissal based on procedural default.

### Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate Order follows.

AND NOW, this 22nd day of January, 2015,

It is hereby **ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: MARVIN CABBAGESTALK
DU-6337
SCI Benner Township
301 Institution Drive
Bellefonte, PA 16823
(via First Class Mail)

Alan M. Robinson
Pennsylvania Board of Probation and Parole
(via CM/ECF electronic transmission)